IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-231-FL

| | |
|---|---|
| CYNTHIA STUEBEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DESMOND MEADE, CONTRINA )<br>VAUGHN, STEVE COWART, JORDAN )<br>LUTZ, TRACI LUTZ, KIMBERLY )<br>HODGE, )<br>)<br>Defendants. ) | ORDER |

- - - - -

KIMBERLY HODGE,                )
                               )
            Counterclaimant,   )
                               )
     v.                        )
                               )
CYNTHIA STUEBEN,               )
                               )
            Counterclaim       )
            Defendant.         )

This matter is before the court upon the various defendants' motions to dismiss for improper venue (DE 8, 13, 14, 15, 27, 30).[1] The issues raised are ripe for ruling. For the following reasons, the court concludes that this court is not a proper venue for this action, and accordingly transfers this case to the United States District Court for the District of South Carolina.

---

[1] Defendant Kimberly Hodge ("Hodge") requests dismissal for improper venue in her answer (DE 14), but not in the single page filing labelled a motion to dismiss (DE 13). The court construes the two filings together for purposes of this order.

**STATEMENT OF THE CASE**

Plaintiff, proceeding pro se, began this contract suit April 22, 2024. Plaintiff seeks approximately $80,000 in compensatory damages, plus punitive damages and court costs.

Defendant Hodge, also proceeding pro se, filed the instant motion to dismiss May 19, 2024, and lodged a counterclaim seeking injunctive relief against plaintiff. Defendants Jordan Lutz and Traci Lutz jointly filed their motion to dismiss May 20, 2024. Plaintiff thereafter moved for entry of default against defendant Hodge, and defendant Cowart filed his motion June 11, 2024, followed by the instant motion on the same grounds by defendants Meade and Vaughn.

**STATEMENT OF FACTS**

The facts alleged in the complaint are as follows. Plaintiff purchased a home February 2, 2022, and travelled from Utah to South Carolina with her three children to find such home "in disrepair, unsafe, and unlivable." (Compl. (DE 1) ¶ III(A)). These issues caused "months of not having a residence and home, great financial loss, instability for [plaintiff] and [her] children, and mental and emotional stress and suffering[.]" (Id.). Without a residence, plaintiff could not transfer her son's medical care or register him for school. (Id.).

Defendant Vaughn, plaintiff's "agent," chose building inspectors without plaintiff's knowledge and consent, and failed to obtain disclosures from the sellers of the house. (Id. ¶ III(B)). Vaughn also chose a closing attorney that represented the seller and therefore possessed a conflict of interest; further, Vaughn falsely told plaintiff that the home "looked good." (Id.). Defendant Meade, Vaughn's broker, was made aware of the situation but failed to make the needed repairs in time. (Id.).

Defendant Cowart was the listing agent. (Id. ¶ III(C)). Cowart allegedly made various misrepresentations about the state of the property. (Id.).

Defendants Jordan Lutz and Traci Lutz were the sellers; they allegedly failed to disclose property flaws or to make repairs agreed upon in a "signed repair addendum." (Id. ¶ III(D)). Some of these repairs were "crucial," absence of which made the house unsafe and unlivable. (Id.). The house lacked utilities and running water, and had debris and trash scattered about. (Id.).

Defendant Hodge was the closing attorney, chosen by defendant Vaughn. (Id. ¶ III(E)). Hodge allegedly failed to disclose her conflict of interest, and made errors in the title paperwork that voided it. (Id.). Plaintiff learned after closing that the property was delinquent in taxes and was due to be seized and sold. (Id.).

Plaintiff was forced to incur significant costs securing a new temporary living space and in travel expenses attempting to find a new permanent residence. (Id. ¶ IV).

## COURT'S DISCUSSION

All defendants move to dismiss this action for improper venue. The court agrees that venue is improper, and concludes that the proper remedy is transfer, not dismissal.

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss a complaint for "improper venue" before pleading an answer. A plaintiff need make only a "prima facie showing" of proper venue to survive such motion. Aggarao v. MOL Ship Mgmt. Co., Ltd., 675 F.3d 355, 365–66 (4th Cir. 2012). The court may consider evidence outside the pleadings without converting a 12(b)(3) motion into a motion for summary judgment. Id.

With respect to a transfer of venue, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A transfer of venue under § 1404(a) is "a matter resting in the sound discretion of the District Judge." S. Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956).

3

Venue is proper only in 1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; 2) "a judicial district in which a substantial part of the of the events or omissions giving rise to the claim occurred, or where a substantial part of the property that is the subject of the action is situated"; or 3) "if there is no district in which an action may otherwise be brought [under the other two prongs], any judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b).  An action filed in an improper venue is subject to dismissal or, if in the interest of justice, to transfer to a district in which it could have been brought.  28 U.S.C. § 1406(a).

Plaintiff pleads that all defendants are citizens and residents of South Carolina, that all underlying events occurred in South Carolina, and that the property at issue is in that state.  (See generally Compl.).  Defendant Hodge's counterclaim revolves around the same events and involves the same parties.  (See generally Hodge's Answer & Counterclaim (DE 14)).  Venue in this district is therefore improper under the first two prongs of the statute, but proper in South Carolina under either prong for plaintiff's claims, and under the second prong for Hodge's counterclaims.  In turn, the availability of a proper venue in South Carolina precludes any application of the third prong to this district.

Plaintiff's only response to defendants' arguments is that venue is proper because the court possesses subject matter jurisdiction through party diversity.  Plaintiff asserts in her complaint that she is a citizen of North Carolina, residing in Erwin, North Carolina.  (Compl. 1, 3).  But venue and subject matter jurisdiction are distinct issues, and defendants do not challenge subject matter jurisdiction.  Subject matter jurisdiction determines whether any federal court has the power to hear a particular case, Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 638 (2009); venue determines

4

where a federal case must be filed or, in other words, which federal court should or may hear it. Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 55 (2013).

Because venue is improper in this district, the court now assesses whether to dismiss or transfer the suit.

This action should be transferred, not dismissed.[2] To determine where a case "could have been brought" under § 1406(a), the court examines whether the transferee district would constitute a proper venue and possess personal jurisdiction over each defendant. See Porter v. Groat, 840 F.2d 255, 257–58 (4th Cir. 1988); Colony Ins. Co., 531 F. Supp. 3d at 1106; Symbology Innovations, LLC v. Lego Sys., Inc., 282 F. Supp. 3d 916, 935 (E.D. Va. 2017); Aphena Pharms Sols.-Md. LLC v. BioZone Lab'ys, Inc., 912 F. Supp. 2d 309, 318 n.23 (D. Md. 2012); Durham v. Accelerated Fin. So., No. 5:15-cv-655-F, 2014 WL 6435279, at *1 (E.D.N.C. Nov. 14, 2014).

As noted above, venue is proper in South Carolina because all the underlying events occurred there. Further, personal jurisdiction is proper in that district because all defendants are natural persons who are citizens and residents of South Carolina, and that court would possess specific personal jurisdiction over plaintiff for Hodge's counterclaim because the underlying events arose out of plaintiff's activities in, and contacts with, South Carolina. (See Hodge Answer & Counterclaim ¶ 4; Cowart Br. (DE 28) 1; Meade & Vaughn Br. (DE 31) 1; Lutz Br. (DE 9) 2).

Finally, "the interest of justice" requires "removing whatever obstacles may impede an expeditious and orderly adjudication . . . on [the] merits." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962); The Hipage Co., Inc. v. Access2Go, Inc., 589 F. Supp. 2d 602, 613–14 (E.D. Va.

---

[2] The court assesses transfer despite the parties requesting only outright dismissal. See, e.g., Feller v. Brock, 802 F.2d 722, 729 n.7 (4th Cir. 1986); Colony Ins. Co. v. Progressive Cas. Ins. Co., 531 F. Supp. 3d 1102, 1106 n.1 (E.D. Va. 2021). And while a court must afford the parties an opportunity to be heard before a sua sponte transfer, Feller, 802 F.2d at 729 n.7, the parties have all fully raised and have had the opportunity to respond to the venue question. The court therefore has not raised the issue sua sponte within the meaning of Feller, but rather merely as to the form in which defendants' motions should be granted, and so proceeds without further hearing.

2008). The court concludes that the interests of justice would be served by transfer, not dismissal, because no defendant has moved for dismissal on any merits ground; dismissal with prejudice would therefore be unfair to a plaintiff proceeding pro se who evidently has misunderstood the venue rules, while dismissal without prejudice would waste time and party resources by requiring all parties to duplicate pleadings, service, and other matters. The court thus decides to transfer this case to the United States District Court for the District of South Carolina, rather than dismiss it. Cf. Porter, 840 F.2d at 258 (directing transfer to permit pursuit of claims time-barred in transferor jurisdiction but not in transferee jurisdiction).

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss for improper venue (DE 8, 13, 14, 27, 30) are GRANTED IN PART insofar as they request transfer of venue. This action is hereby TRANSFERRED to the United States District Court for the District of South Carolina. Accordingly, the court leaves for the transferee court address of plaintiff's motion for entry of default (DE 15).

SO ORDERED, this the 12th day of September, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge