IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Cynthia Stueben, | ) | C/A No.: 3:24-5017-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| Desmond Meade, Contrina | ) | RECOMMENDATION |
| Vaughn, Steve Cowart, Kimberly | ) | |
| Hodge, and Jordan & Traci Lutz, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Cynthia Stueben ("Plaintiff"), proceeding pro se, sues multiple people allegedly involved in Plaintiff's purchase of real property located in South Carolina, including Jordan and Traci Lutz ("Defendants"). Defendants seek dismissal of Plaintiff's claims asserted against them, arguing that although Plaintiff has alleged otherwise, they were not the owners of the property purchased by Plaintiff.

This matter comes before the court on Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 43]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the motion to dismiss procedures and the possible consequences if she failed to respond adequately to Defendants' motion. [ECF No. 44]. Defendants' motion having been fully briefed [*see* ECF No. 57, 58], it is ripe for disposition.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendants' motion to dismiss.

I.      Factual and Procedural Background

Plaintiff alleges she purchased a home on February 2, 2022, and travelled from Utah to South Carolina with her three children to find the home "in disrepair, unsafe, and unlivable." [ECF No. 1 at 4]. These issues caused "months of not having a residence and home, great financial loss, instability for [Plaintiff] and [her] children, and mental and emotional stress and suffering[.]" *Id.* Without a residence, Plaintiff could not transfer her son's medical care or register him for school. *Id.*

As relevant to the resolution of the instant motion, Plaintiff also alleges as follows:

> Jordan and Traci Lutz were the sellers of the property. Property flaws were not disclosed as sellers did not provide seller disclosures agreed upon in the contract. The repairs were not completed as agreed upon in the signed repair addendum. Several of those were crucial repairs, making the house unsafe and unlivable. The contract stated that utilities and water need to be on for inspections, but both were not on at the time of inspections. Property should be free of debris, but upon arrival the property had tires, multiple large TV's and trash laying around the property.

*Id.* at 5–6, *see also id.* at 6 ("Shortly after closing, there were delinquent tax notices and tax sale notices at the property. The treasurer was called, and verified the home was behind in taxes and was due to be sold at a tax sale in a little less than 7 months.").

Plaintiff sues Defendants for breach of contract and misrepresentation. [*See* ECF No. 1-1 at 5]. In her response to Defendants' pending motion, Plaintiff has submitted to the court documentation signed by Defendants, including the contract of sale. This contract contains the following signature section:

| | | |
|---|---|---|
| (L.S.) Cynthia Stueben | Buyer's Printed or Typed Name | 12/12/2021 \| 7:26 PM M$ |
| Buyer's Signature | Buyer's Printed or Typed Name | Date |
| (L.S.) | Buyer's Printed or Typed Name | Date |
| Buyer's Signature | Buyer's Printed or Typed Name | Date |
| (L.S.) 2 Blessed, LLC | Seller's Printed or Typed Name | 12/13/2021 Date |
| Seller's Signature | | |
| (L.S.) | Seller's Printed or Typed Name | 12/13/2021 Date |
| Seller's Signature | | |

[*See* ECF No. 57-1]. Defendants have also provided to the court, with their motion to dismiss, the publicly recorded deed concerning the property listing 2 Blessed L.L.C. as the owner that conveyed the subject property to Plaintiff. [*See* ECF No. 43-1].[1]

---

[1] "On a motion to dismiss courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Cobin v. Hearst-Argyle Television, Inc.*, 561 F. Supp. 2d 546, 550

## II.    Discussion

### A.    Standard on Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A

_____

(D.S.C. 2008) (citations and emphasis omitted); *see also Martineau v. Wier*, C/A No. 3:16-2650-SAL, 2020 WL 5757520, at *3 (D.S.C. Sept. 9, 2020) ("A court may also consider documents attached to a defendant's motion to dismiss if the document is integral to and explicitly relied on in the complaint, provided the plaintiff does not challenge the authenticity of the document."); *Spence v. Spence*, 628 S.E.2d 869, 877 (S.C. 2006) (relying on recorded deeds referenced in the complaint to dismiss with prejudice where bona fide purchaser defense was clear).

federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

Defendants do not dispute that they signed the documents provided by Plaintiff, including for the sale of the property, but argue that they are not the owners of the property and instead the proper owner was 2 Blessed, L.L.C. [*See* ECF Nos. 43, 58].

South Carolina law is clear that "[a] limited liability company is a legal entity distinct from its members." S.C. Code Ann. § 33-44-201. "As the name implies, one of the defining characteristics of a limited liability company is limited liability for its members from harm caused by the company." *Middle GA Tree Experts, LLC v. EF Constr. of the Carolinas, LLC*, C/A No. 4:18-

01925-SAL, 2020 WL 13871211, at *2 (D.S.C. June 12, 2020) (citation omitted)). In South Carolina, "the debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the company." S.C. Code Ann. § 33-44-303(a). As a result, "[a] member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager." *Id.*

Based on the above, the undersigned recommends the district judge grant Defendants' motion to dismiss, dismissing them from the case. *See also, e.g., Jaeger v. Jaeger*, C/A No. 3:22-04615-SAL, 2023 WL 11885957, at *6 (D.S.C. Sept. 25, 2023) ("Because Patterson and Beam have not alleged Jaeger was a party to the contract, they have failed to state a breach of contract claim against him.").[2] The undersigned further recommends Plaintiff

---

[2] As to Plaintiff's claim for misrepresentation, although case law indicates that this claim may proceed against Defendants individually, *see, e.g., NVR, Inc. v. W. Georgia Rd. Venture, LLC*, C/A No. 6:10-2158-TMC, 2012 WL 1902267, at *4 (D.S.C. May 25, 2012) (allowing claims for fraud and misrepresentation to proceed against individual members of a L.L.C.), review of Plaintiff's complaint indicates all allegations she has asserted against Defendants sound in contract, including the addendum to the contract. [*See* ECF No. 1 at 5–6]. Stated differently, Plaintiff has failed to allege what misrepresentation Defendants made to her. *See, e.g., TTI Consumer Power Tools Inc. v. Engineered Plastic Components Inc.*, C/A No. 8:22-04085-JDA, 2024 WL 4277754, at *9 (D.S.C. Sept. 24, 2024) ("To state a valid claim for negligent misrepresentation, a plaintiff must establish: (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of

be allowed to amend her complaint to substitute 2 Blessed, L.L.C. for dismissed Defendants as to Plaintiff's claim for breach of contract.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Defendants' motion to dismiss. [ECF No. 43]. The undersigned further recommends Plaintiff be allowed to amend her complaint to substitute 2 Blessed, L.L.C. for dismissed Defendants as to Plaintiff's claim for breach of contract.

IT IS SO RECOMMENDED.

November 12, 2024                    Shiva V. Hodges
Columbia, South Carolina            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance on the representation.") (citing *Quail Hill, LLC v. Cnty. of Richland*, 692 S.E.2d 499, 508 (S.C. 2010)).

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).