

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CYNTHIA STUEBEN,<br>　　　　Plaintiff,<br><br>vs.<br><br>DESMOND MEADE, CONTRINA VAUGHN,<br>STEVE COWART, KIMBERLY HODGE,<br>and JORDAN & TRACI LUTZ,<br>　　　　Defendants. | §<br>§<br>§<br>§　Civil Action No. 3:24-5017-MGL-SVH<br>§<br>§<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Cynthia Stueben (Stueben), who is representing herself, filed this civil action against the above-named Defendants. As is relevant here, Stueben alleges breach of contract and misrepresentation claims against Defendants Jordan and Traci Lutz (the Lutzes), whom she alleges sold her the disputed property. The Lutzes have moved to dismiss Stueben's claims against them for failure to state a claim upon which relief can be granted. They contend the true legal owner of the disputed property was 2 Blessed, L.L.C., a limited liability company of which the Lutzes are both members.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant the Lutzes' motion to dismiss. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 20, 2024. To date, no objections have been filed.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court the Lutzes' motion to dismiss is **GRANTED** and the Lutzes' are dismissed with prejudice.

As the Magistrate Judge explained, Stueben has failed to allege any representations made by the Lutzes, either individually or on behalf of 2 Blessed, L.L.C. Accordingly, within twenty-one days of the date of this Order, Stueben shall amend her complaint to substitute 2 Blessed, L.L.C. for the Lutzes only as to her breach of contract claim.

**IT IS SO ORDERED.**

Signed this 5th day of December 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of their right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.