

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| CYNTHIA STUEBEN, | § | |
|        Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:24-5017-MGL-SVH |
| | § | |
| DESMOND MEADE, CONTRINA VAUGH, | § | |
| STEVE COWART, KIMBERLY HODGE, | § | |
| and 2 BLESSED, LLC | § | |
|        Defendants. | § | |

---

**ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT,
DENYING ONE DEFENDANT'S MOTION FOR ENTRY OF DEFAULT JUDGMENT,
AND ENTERING SUMMARY JUDGMENT AGAINST THE SAME DEFENDANT**

---

Plaintiff Cynthia Stueben, proceeding pro se, filed this suit against Defendants Desmond Meade, Contrina Vaughn, Steve Cowart, Kimberly Hodge, and 2 Blessed, LLC (collectively, Defendants).  Stueben brings various causes of actions stemming from her purchase of a manufactured home in Lexington, South Carolina.

This matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting to the Court Defendants' motions for summary judgment be granted and Defendant 2 Blessed's motion for entry of default be denied.  The Magistrate Judge also recommends the Court *sua sponte* enter summary judgment on 2 Blessed's counterclaims against Stueben.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Magistrate Judge filed the Report on July 7, 2025. Stueben filed her objections on July 28, 2025. Only Cowart and 2 Blessed filed replies to the objections, both on August 11, 2025. The Court has carefully considered the objections, and holds them to be without merit. It will therefore enter judgment accordingly.

The Magistrate Judge accurately described the factual background and history of this case. In summary, Stueben purchased a home from 2 Blessed, Vaughn was her real estate agent, and Meade was Vaugn's supervisor. Cowart was 2 Blessed's agent, and Hodge was the closing attorney.

Stueben lived in Utah prior to purchasing the home, and she never physically saw the home before purchase. After a virtual tour in which Vaughn walked through the home with Stueben on a Facetime call, Stueben and 2 Blessed entered a sales contract on December 13, 2021, and closing was set for January 12, 2022, with a purchase price of $159,900. The contract by its text states closing would occur on January 12, 2021, but this is clearly a clerical error, given the contract was

entered at the end of December 2021. Defendant Kimberly Hodge's Motion for Summary Judgment, Ex. A at 4 [hereinafter Contract].

After entering the Contract, Stueben hired multiple people to inspect the property. The inspectors identified several specific issues, such as the A/C system and water being inoperable. On January 2, 2022, Stueben and 2 Blessed both signed a list of numerous repairs Stueben says she wanted completed before closing (the list). The signed document is simply a list of identified issues with the following note at the top: "Due to holidays, repairs done by 01/14/2022 and closing date changed to 01/20/2022." Defendants Desmond Meade and Contrina Vaughn's Motion for Summary Judgment, Exhibit H. The list is silent as to who would pay for the repairs or find contractors to complete them. On January 18, 2022, one of the inspectors returned to re-inspect the property, and he found some of the listed items were unaddressed. Nonetheless, Stueben and 2 Blessed closed on the property on February 2, 2022.

Stueben testified she arrived at the property on February 10, 2022, and was dissatisfied with its condition. She noted multiple problems, including the heat and water were still inoperable, several other of the repairs on the list were unaddressed, and there was debris around the property. After addressing some of the issues herself, Stueben then received a notice regarding taxes owed on the property, and she identified a scrivener's error on the title for the property in that her name was misspelled. Ultimately, Stueben listed the property and sold it on June 30, 2022 for $176,000.

Stueben then filed this suit pro se. Thereafter, Defendants filed motions for summary judgment. Defendant 2 Blessed also brought counterclaims against Stueben and filed a motion for entry of default judgment.

As to 2 Blessed's motion for summary judgment, Stueben objects to two of the Magistrate Judge's recommendations. First, she objects to the suggestion that under the terms of the Contract,

she agreed to accept it "as is."  Plaintiff's Objection at 2; Report at 17–18.  She argues the list of

repairs signed by herself and 2 Blessed demonstrates an intent for 2 Blessed to make the repairs

identified.  Reviewing this issue de novo, however, the Court agrees with the Magistrate Judge.

The Magistrate Judge correctly explained the Contract required Stueben submit the entire

inspection report before 2 Blessed, could be required to address any requested repairs.  Report at

17.  It specifically provided:

> If Buyer requests Seller make repairs and/or replacements to the
> Property, Buyer must submit complete copies of any inspection
> reports and an Inspection Repair Addendum, signed by the Buyer,
> identifying specific defects Buyer wants corrected, to Seller or
> Seller's Broke. . . .  If Buyer fails to submit complete copies of these
> reports . . . prior to the expiration of the Due Diligence Period and
> any extension, Buyer will be deemed to have accepted the Property
> "As-Is" with Seller having no obligation to make any repairs or
> replacements to the Property . . . .

Contract at 4.

Stueben testified she declined to submit the entire inspection report to 2 Blessed, despite

Vaughn's advice to the contrary, and instead sent the list she had created of the desired repairs.

Deposition of Cynthia Stueben at 85:1–86:10, 89:21–24.  The Magistrate Judge correctly

determined  Stueben is deemed to have accepted the property as is by the terms of the Contract.

The list contains no promise 2 Blessed would pay for the repairs or ensure their completion.  Such

silence cannot override the terms of the Contract.  Stueben's first objection will therefore be

overruled.

Second, Stueben objects to the Magistrate Judge's recommendation 2 Blessed is entitled to

summary judgment on Stueben's breach of contract claim for 2 Blessed's alleged failure to provide

the disclosures required by statute of sellers of residential property, *see* S.C. Code Ann. § 27-50-

40.  Plaintiff's Objections at 3–4; Report at 19–21.

But, Stueben initialed next to paragraph 12 of the Contract acknowledging the required disclosure statement "has been provided to Buyer by Seller prior to the final acceptance of this Contract. Contract at 12. Stueben also testified she signed and made this acknowledgement. Deposition of Cynthia Stueben at 203:15–204:6. The Court will therefore overrule Stueben's second objection, too.

As to Vaugn and Meade's motion for summary judgment, the Magistrate Judge recommends granting the motion because Stueben failed to produce any evidence Vaugn and Meade knew they provided Stueben with false or misleading information and because they were without any obligation to discover latent defects. Report at 25–28. Stueben's objection fails to address either of these points and neglects to offer any specific objection on this matter. Nevertheless, in an abundance of caution, the Court has made a de novo review of the record on this issue and concludes the Magistrate Judge is correct. Because the Court agrees with the Magistrate Judge's well-reasoned opinion, it is unnecessary to repeat the analysis here. Therefore, the Court will overrule this objection, as well.

As to Hodge's motion for summary judgment, Stueben has failed to present any specific objections to the Magistrate Judge's findings and recommendations. Stueben's objections amount to general disagreements with the Magistrate Judge's findings and merely repeat claims the Magistrate Judge properly considered and correctly addressed. To the extent Stueben has brought any new arguments in her objections, they are conclusory and so lacking in merit as to make any discussion unnecessary.

Nevertheless, in an abundance of caution, the Court has reviewed the Report and the record de novo. The Magistrate Judge determined Stueben had failed to demonstrate damages resulting from Hodge's alleged conduct. Her objections fail to point to any evidence of damages and even

acknowledge "Hodge later reimbursed Plaintiff" for the property taxes about which she now complains. Plaintiff's Objections at 6. She fails to make any connection whatsoever between Hodge's representation of her and any damages. Therefore, the Magistrate Judge's recommendation to grant Hodge's motion for summary judgment is adopted and its reasoning incorporated herein. As such, the Court will also overrule Stueben's fourth objection,

As to Defendant Cowart's motion for summary judgment, Stueben makes only a cursory, generalized objection to the Report and has therefore failed to sufficiently object as to require de novo review. After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein as to Defendant Cowart's motion. Nonetheless, the Court has considered the motion de novo, agrees with the Magistrate Judge's recommendation, and will adopt the Report and incorporate it herein.

Additionally, 2 Blessed neglected to file any objections to the Magistrate Judge's recommendation its motion for entry of default judgment be denied or the Court grant summary judgment *sua sponte* on its counterclaims against Stueben. Having reviewed the Report and record, the Court adopts the Report as there is no clear error with the recommendation. *See Allstate Ins. Co. v. Fritz*, 452 F.3d 316, 323 (4th Cir. 2006) ("District courts have an inherent power to grant summary judgment *sua sponte* so long as the party against whom summary judgment is entered has notice 'sufficient to provide [it] with an *adequate opportunity* to demonstrate a genuine issue of material fact.'" (quoting *U.S. Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n*, 873 F.2d 731, 735 (4th Cir. 1989)) (emphasis and alteration in original)).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Stueben's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motions for summary judgment are

**GRANTED**, 2 Blessed's motion for entry of default is **DENIED**, and 2 Blessed's counterclaims are **DISMISSED WITHOUT PREJUDICE**.

     **IT IS SO ORDERED.**

     Signed this 19th day of March, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
